UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| **ROBSON ROCHA DE FARIA,** | § § § |
| *Petitioner*, | § § |
| v. | § § |
| **MARY DE ANDA-YBARRA,** *Field Office Director, ICE El Paso Field Office*; **NAME UNKNOWN,** *ICE Facility Administrator, Camp East Montana Detention Center*; **TODD LYONS,** *Acting Director of ICE*; **KRISTI NOEM,** *Secretary of U.S. Department of Homeland Security*; and **PAMELA BONDI,** *Attorney General of the United States*, | § § § § § § § § § §    EP-25-CV-00464-DCG |
| *Defendants*. | § § |

## ORDER TO SHOW CAUSE

Petitioner Robson Rocha de Faria challenges his detention pursuant to 28 U.S.C. § 2241.[1] The issues raised in his petition require an answer from Respondents Mary De Anda-Ybarra, Todd Lyons, Kristi Noem, and Pamela Bondi.

## BACKGROUND

Solely for the purposes of this Order, the Court presumes the following facts are true. Mr. Rocha de Faria is a Brazilian citizen who entered the United States on August 12, 2023.[2] Upon entry, Mr. Rocha de Faria was detained by Border Patrol and released pending removal proceedings.[3] Mr. Rocha de Faria moved to Massachusetts and filed an application for asylum

---

[1] Pet., ECF No. 1.

[2] *Id.* at 4.

[3] *Id.*

and protection from removal, *inter alia*, on August 7, 2024.[4] Approximately thirteen months after Mr. Rocha de Faria filed the foregoing application, and while the application remained pending with the Boston Immigration Court, United States Immigration and Customs Enforcement ("ICE") detained him in Massachusetts.[5]

In the past month, ICE transferred Mr. Rocha de Faria from Massachusetts to the Camp East Montana Detention Center in El Paso, Texas.[6] Mr. Rocha de Faria does not know the reason for his detention, and he has remained in ICE custody since either September 9, 2025, or September 11, 2025.[7] The Immigration Court has scheduled him for a "Master Calendar Hearing" on October 22, 2025.[8]

Mr. Rocha de Faria filed the instant Petition on October 10, 2025.[9] In it, he claims that his detention violates the Immigration and Nationality Act ("INA") and the Fifth Amendment of the Constitution.[10] Mr. Rocha de Faria requests that the Court (1) assume jurisdiction over this

---

[4] *Id.*

[5] *Id.*

[6] *Id.*

[7] *Id.* ("[H]e was suddenly detained on September 11, 2025"); *cf. id.* at 1 ("He was detained on September 9, 2025").

[8] *Id.* at 2.

[9] *See generally* Pet.

[10] *Id.* at 8-16 (alleging violation of INA); *id.* at 16-20 (alleging violation of Fifth Amendment).

matter; (2) issue an Order to Show Cause; (3) declare that his detention violates the INA and Fifth Amendment; (4) order his immediate release; and (5) award attorney's fees and costs.[11]

## ANALYSIS

Under 28 U.S.C. § 2241, a detainee may challenge his confinement as unlawful by filing a habeas corpus petition.[12] The Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules") dictate the obligations of the Court upon receiving such a petition. Although the Habeas Rules primarily contemplate petitions filed under 28 U.S.C. § 2254, as the name suggests, they apply also to petitions filed under other sections, including § 2241.[13]

Under Habeas Rule 4, the Court must "examine" a petition and "dismiss" it "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to any

---

[11] *Id.* at 20.

[12] 28 U.S.C. § 2241(c) (requiring petitioner to show that he is "in custody in violation of the Constitution or laws or treaties of the United States"); *see also Zadvydas v. Davis*, 533 U.S. 678, 688 (2001) ("We conclude that § 2241 habeas corpus proceedings remain available as a forum for statutory and constitutional challenges to post-removal-period detention.").

[13] *See* Rules Governing Section 2254 Cases ("Habeas Rules"), Rule 1(a) ("These rules govern a petition for a writ of habeas corpus filed in a United States district court under 28 U.S.C. § 2254"); *see also* Habeas Rule 1(b) ("The district court may apply any or all of these rules to a habeas corpus petition not covered by Rule 1(a)").

*See also Perez v. Hijar*, No. 22–50904, 2023 WL 4559366, at *1 (5th Cir. July 17, 2023) ("Rule 1(b) of the rules governing § 2254 cases articulates that these rules may apply to other habeas corpus petitions as well").

relief."[14] If dismissal is not appropriate, the Court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted."[15]

If a petition survives prescreening, "the judge *must* order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order."[16] 28 U.S.C. § 2243 requires that the response "be returned within three days" or "not exceeding twenty days."[17] However, this Court and others have held that the "strict time limits prescribed by § 2243" can be expanded by "the district court's discretionary authority to set deadlines under Rule 4."[18]

## CONCLUSION

Having preliminarily examined the foregoing petition, the Court concludes that summary dismissal is not appropriate. To give Respondents sufficient time to brief the issues, the Court exercises its discretion under § 2243 and Habeas Rule 4 to extend the response deadline.

---

[14] *See* Habeas Rule 4; *see also Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999) ("The district court has the power under Rule 4 to examine and dismiss frivolous habeas petitions prior to any answer or other pleading by the state.").

[15] 28 U.S.C. § 2243.

[16] Habeas Rule 4; *see also* 28 U.S.C. § 2243 (requiring that the district court issue the order "forthwith"); *Simpson v. Ortiz*, 995 F.2d 606, 609 (5th Cir. 1993) (concluding that a district court complied with the "forthwith" requirement by issuing a show cause order "just twenty-one days after [the] petition was filed").

[17] 28 U.S.C. § 2243.

[18] *See, e.g.*, *Y.V.S. v. Wolf*, No. 3:20-cv-228-DCG, 2020 WL 4926545, at *1 (W.D. Tex. Aug. 21, 2020) (collecting cases) (reasoning that the Habeas Rules should prevail because they were approved by Congress in 1976, whereas § 2243 was enacted in 1948).

Accordingly, **IT IS ORDERED** that Respondents **SHALL FILE** a response to the Petition (ECF No. 1) by no later than **October 27, 2025**

**IT IS FURTHER ORDERED** that Petitioner may file a reply to Respondents' response, provided that the reply is filed no later than **ten days** after the date of service of Respondents' response.

**IT IS FURTHER ORDERED** that Respondents, their agent, or anyone else acting on their behalf shall notify the Court before taking any action to transfer Petitioner outside of the Western District of Texas.

**IT IS FINALLY ORDERED** that the District Clerk shall furnish the Office of the United States Attorney in El Paso, Texas, with copies of the Petition (ECF No. 1) and the instant Memorandum Order, and that such delivery shall constitute sufficient service of process.

**So ORDERED and SIGNED this 21st day of October 2025.**

_____
**DAVID C. GUADERRAMA**
**SENIOR U.S. DISTRICT JUDGE**