UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| **ROBSON ROCHA DE FARIA,** | § § § |
| *Petitioner*, | § § |
| v. | § § |
| **MARY DE ANDA-YBARRA,** Field Office Director, ICE El Paso Field Office; | § § § |
| **NAME UNKNOWN,** ICE Facility Administrator, Camp East Montana Detention Center; | § § § §   EP-25-CV-00464-DCG |
| **TODD LYONS,** Acting Director of ICE; | § § |
| **KRISTI NOEM,** Secretary of U.S. Department of Homeland Security;[1] and | § § § |
| **PAMELA BONDI,** Attorney General of the United States, | § § § |
| *Respondents*. | § § |

## ORDER FOR SUPPLEMENTAL BRIEFING

Petitioner Robson Rocha de Faria ("Petitioner") seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241.[2] Petitioner argues that he is detained under 8 U.S.C. § 1226(a) (and thus eligible for bond),[3] while Respondents argue that Petitioner is detained under 8 U.S.C. §

---

[1] The Court assumes that Petitioner sues Former Secretary Noem in her official capacity. If so, the Court will substitute Secretary Noem's successor as a named Respondent once her successor assumes office. *See* FED. R. CIV. P. 25(d) ("An action does not abate when a public officer who is a party in an official capacity dies, resigns, or otherwise ceases to hold office while the action is pending. The officer's successor is automatically substituted as a party. Later proceedings should be in the substituted party's name . . . .").

[2] Pet., ECF No. 1.

[3] *See id.* at 8–16.

All page citations in this Order refer to the page numbers assigned by the Court's CM/ECF system, rather than the internal pagination of the cited document.

1225(b)(1) (and thus ineligible for bond).[4] After the Petition and Response were filed in this case, the Fifth Circuit issued an opinion that has potentially complicated the parties' positions on the applicable detention statute.[5] The Court **ORDERS** supplemental briefing from both parties.

In *Buenrostro-Mendez v. Bondi*, the Fifth Circuit held that "unadmitted aliens apprehended anywhere in the United States are ineligible for release on bond, regardless of how long they have resided inside the United States."[6] That case involved two individuals who entered the United States without inspection and remained in the country for decades before their apprehension and detention in 2025.[7] The Fifth Circuit determined that the detainees were subject to mandatory detention under § 1225(b)*(2)*—rather than § 1225(b)*(1)* or § *1226(a)*—and therefore ineligible for bond.[8]

Here, Petitioner was apprehended immediately after entering the country, then released on his own recognizance pursuant to § 1226(a) before being re-detained.[9] One resulting question

---

[4] *See* Resp., ECF No. 6, at 3.

[5] *See Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026).

[6] *Id.* at 500.

[7] *Id.*

[8] *Id.*

[9] Pet. at 4.

*See also* NTA, ECF No. 1-2, at 2 (charging Petitioner under "212(a)(6)(A)(i) of the Immigration and Nationality Act, as amended, [as] an alien present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General").

*See also* Order of Release on Recognizance, ECF No. 1-2, at 5 ("In accordance with section 236 of the Immigration and Nationality Act and the applicable provisions of Title 8 of the Code of Federal Regulations, you are being released on your own recognizance provided you comply with the following conditions." (citing Immigration and Nationality Act § 236, 8 U.S.C. § 1226)).

is whether the Government can argue that it is detaining Petitioner under § 1225(b) *at all*, given that it explicitly stated that it had detained and released him pursuant to § 1226(a).[10] The second question is whether *Buenrostro-Mendez* suggests that, if a "mandatory" detention provision *does* apply here, it would be § 1225(b)(2) (rather than (b)(1), as Respondents argued in their initial briefing).[11]

The Court also recognizes that the Government may have issued a final order of removal against Petitioner since the parties completed their briefing on the Petition on November 6, 2025. If so, that could affect the analytical framework that applies to the Petition.[12] Accordingly, the Court will also order the parties to inform the Court whether the Government has now issued a final order of removal against Petitioner.

The Court therefore **ORDERS** that no later than **Monday, March 23, 2026**, the parties **SHALL** inform the Court of:

1) whether their respective positions on the applicable detention statute have changed in light of *Buenrostro-Mendez*; and

---

[10] *See supra* note 9.

[11] *See Buenrostro-Mendez*, 166 F.4th at 500 ("[T]he BIA explained that '[r]emaining in the United States for a lengthy period of time following entry without inspection, by itself, does not constitute an admission.'").

*Cf. Alvarez-Rico v. Noem*, No. 4:26-CV-00729, 2026 WL 522322, at *3 n.4 (S.D. Tex. Feb. 25, 2026) (observing the "factual differences between Alvarez-Rico's circumstances and those of the *Buenrostro* petitioners," but "assum[ing] without deciding that Alvarez-Rico falls within the category of noncitizens who are subject to § 1225(b)(2)'s detention regime under *Buenrostro*.").

[12] *Compare Zamudio Sanchez*, No. 3:25-CV-00403, 2026 WL 596133, at *4 n.41 (W.D. Tex. Mar. 2, 2026) *with Zadvydas v. Davis,* 533 U.S. 678, 701 (2001).

2) whether a removal order has been entered against Petitioner, and if so, whether it has become final.[13]

**So ORDERED and SIGNED this 12th day of March 2026.**

_____
**DAVID C. GUADERRAMA**
**SENIOR U.S. DISTRICT JUDGE**

---

[13] *See* 8 C.F.R. § 1241.1 (explaining how "[a]n order of removal made by the immigration judge at the conclusion of proceedings under section 240 of the Act shall become final").